IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-41007

Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO ARTURO ORTEGA-MENA,

Defendant-Appellant.



_____

Appeal from the United States District Court
For the Southern District of Texas
(G-95-CV-1469)
_____

August 28, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alberto Arturo Ortega-Mena appeals denial of relief pursuant to 28 U.S.C. § 2255.  For essentially the reasons stated by Judge Harmon, we affirm.

Appellant claims his guilty plea was "unlawfully induced." Since he did not raise this issue on direct appeal, he is procedurally barred from raising it in this proceeding unless he

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

can show cause for his default and prejudice resulting from the error. <u>United States v. Drobny</u>, 955 F.2d 990, 994-95 (5th Cir. 1992).

Appellant contends that ineffective counsel caused his default. We are not persuaded. He knew that the statutory maximum sentence for his offense was life imprisonment and that the sentencing guidelines would govern his sentence. TT 2-11-13. At his rearraignment, he acknowledged that no one promised him anything outside of the plea bargain to induce him to plead guilty. TT 2-10. The only mention of a ten-year sentence was in reference to the statutory minimum. TT-2-11. The judge informed appellant that by pleading guilty, he was waiving his right to trial and all associated rights. TT 2-15. He has not briefed his contention that counsel was ineffective for failing to obtain a written plea agreement. And he has made only unsubstantiated assertions about poor interpretation and the short amount of time he had to accept the plea bargain.

Nor are we persuaded that appellate counsel was ineffective. Appellant waived his right to appeal the speedy trial issue when he waived his right to trial and all associated rights. TT 2-15. Nor was trial counsel ineffective in failing to appeal the interlocutory order denying the motion to dismiss. An order denying dismissal for speedy trial violations is not an appealable interlocutory order. <u>See</u> 28 U.S.C. § 1292.

2

As noted above, appellant failed to show that the government promised him a ten-year sentence. Thus trial counsel could not have objected to appellant's sentence on the grounds that it violated the plea bargain. Appellant also failed to show that trial counsel was ineffective for failing to move for a downward departure. A motion by the government is required for such a departure. See Sentencing Guidelines, § 5K1.1.

Finally, appellant has not shown that trial counsel was ineffective for advising him to plead guilty because he has not demonstrated prejudice. To succeed on this claim, he must show (1) that he would have pled not guilty with effective counsel; and (2) that he would not have been convicted. He has done neither. He presented no evidence beyond his own assertions that he would have pled not guilty. The evidence against him was overwhelming. Even if the denial of his motion for dismissal for speedy trial violations were reversed on appeal — as were his co-defendants' — he would likely have been retried and convicted — as were his co-defendants.

We therefore AFFIRM.